The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLUMBIA MACHINE, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BESSER COMPANY, a Michigan corporation,<br><br>Defendant. | NO: _____<br><br>COMPLAINT FOR PATENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION<br><br>JURY DEMAND |

Plaintiff COLUMBIA MACHINE, INC. ("Columbia Machine") alleges as follows against Defendant BESSER COMPANY ("Besser"), on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others, as follows:

**NATURE OF THE CASE**

1. This is an action for patent infringement arising under the patent laws of the United States (codified at 35 U.S.C. § 1 *et seq.*), and for federal trademark infringement and unfair competition arising under the Trademark Act of 1946, as amended (codified at 15 U.S.C. § 1051 *et seq.*).

**JURISDICTION AND VENUE**

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b), and 15 U.S.C. § 1121.

3. Personal jurisdiction over Defendant is proper in this Court both because of Defendant's continuous and systematic contacts with Washington, and because of a related case pending in this Court, *Columbia Machine, Inc. v. Besser Company*, Civil Action No. 3:10-cv-05667-RBL.

4. Venue is proper in the District Court for the Western District of Washington, pursuant to 28 U.S.C. § 1400(b).

**PARTIES**

5. Plaintiff Columbia Machine is a Washington corporation with its principal business address at 107 Grand Boulevard, Vancouver, Washington 98661.

6. Plaintiff is the owner of U.S. Patent No. 5,505,610 ("the '610 Patent"), entitled "Apparatus for forming Concrete Products," issued April 9, 1996; U.S. Patent No. 5,544,405 ("the '405 Patent"), entitled "Method for Forming Concrete Products," issued August 13, 1996; and U.S. Patent No. 5,743,510 ("the '510 Patent"), entitled "Self-Aligning Mold Box Assembly," issued April 28, 1998.

7. Plaintiff is the owner of the entire right, title, and interest in the '610, '405, and '510 Patents and has standing to sue for all past, present, and future infringement of the '610, '405, and '510 Patents.

8. Plaintiff has complied with the statutory requirements of 35 U.S.C. § 287(a) of placing notice of the '610, '405, and '510 Patents on all applicable products and/or has provided actual notice to Defendant by the filing of this Complaint.

9. Plaintiff is the owner of the federally registered trademark CPM50, U.S. Registration No. 1,873,613, filed February 15, 1994. Plaintiff first used the CPM50 mark in the

United States in connection with the goods identified in U.S. Registration No. 1,873,613 at least as early as February 10, 1994. Plaintiff has used the CPM50 mark continuously in connection with the advertising, promotion, and sales of its products since at least February 10, 1994. The CPM50 mark is incontestable.

10. Defendant Besser is a Michigan corporation with its headquarters and principal business address at 801 Johnson Street, Alpena, Michigan 49707.

## GENERAL ALLEGATIONS

11. Defendant manufactures, imports into the United States, sells, offers for sale, and/or uses, or induces others to so use, or contributes to others' use of, a complete mold for a Columbia CPM50 machine, Besser Model No. CPM50 (the "Besser Mold") and a bracket for locking a mold box in a prealigned position (the "Besser Bracket"), such as the Besser Mold and Besser Bracket shown in Exhibit A, that infringes, directly or indirectly, literally or under the doctrine of equivalents, one or more claims of the '610 Patent, including but not limited to claim 8 of the '610 Patent.

12. Defendant manufactures, imports into the United States, sells, offers for sale, and/or uses, or induces others to so use, or contributes to others' use of, the Besser Mold, which infringes, directly or indirectly, literally or under the doctrine of equivalents, one or more claims of the '510 Patent, including but not limited to claims 1 and 8 of the '510 Patent.

13. Defendant uses, or induces others to so use, or contributes to others' use of, a method of aligning a mold box in a concrete product forming machine using the Besser Bracket that infringes, directly or indirectly, literally or under the doctrine of equivalents, one or more claims of the '405 Patent, including but not limited to claims 1 and 2 of the '405 Patent.

14. Defendant uses Plaintiff's CPM50 mark to designate Defendant's products including, without limitation, Defendant's concrete products mold assembly called the "Complete Mold for a Columbia CPM50 Machine," designated by Besser as model number

COMPLAINT FOR PATENT INFRINGEMENT - 3

"CPM50." Defendant uses Plaintiff's CPM50 mark in at least the sale of said mold assemblies to Defendant's customers.

## COUNT I

### Infringement of the '610, '405, and '510 Patents

15. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. Defendant Besser has infringed, directly or indirectly, literally or under the doctrine of equivalents, one or more claims of the '610, '405, and '510 Patents by making, using, offering to sell, selling and/or importing the Besser Mold and the Besser Bracket.

17. Defendant and/or Defendant's customers and other users of the Besser Mold and/or the Besser Bracket have been and are directly infringing one or more claims of the '610, '405, and '510 Patents under 35 U.S.C. § 271(a) by using the Besser Mold and/or the Besser Bracket and/or using a method of aligning a mold box in a concrete product forming machine using the Besser Bracket.

18. Defendant has been and is actively inducing infringement of one or more claims of the '610, '405, and '510 Patents under 35 U.S.C. § 271(b) by providing to its customers the Besser Mold and/or the Besser Bracket along with instructions and directions that result in infringement of one or more claims of the '610, '405, and '510 Patents. Defendant knew or should have known that such customers and other users would use the Besser Mold and/or the Besser Bracket to infringe the '610, '405, and '510 Patents and intended such infringement.

19. Defendant has been and is contributorily infringing one or more claims of the '610, '405, and '510 Patents under 35 U.S.C. § 271(c) by selling and/or offering to sell within the United States, or importing into the United States, the Besser Mold and/or the Besser Bracket. The Besser Mold and/or the Besser Bracket is a material part of the invention claimed in the '610, '405, and '510 Patents, is not a staple article or commodity of commerce, and has no

substantial non-infringing use.  Defendant knew, or should have known, that the Besser Mold and/or the Besser Bracket was especially made or adapted for an infringing use.

20. Defendant's infringement, contributory infringement, and inducement to infringe the '610, '405, and '510 Patents has been and is willful and has deliberately injured and will continue to injure Plaintiff unless and until the Court enters a preliminary or permanent injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale, and/or offer for sale of products that fall within the scope of the '610, '405, and '510 Patents, including the Besser Mold and the Besser Bracket.

## COUNT II

### Federal Trademark Infringement

21. Plaintiff repeats and realleges each of allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. The acts of the Defendant described above constitute an infringement of Plaintiff's rights in and to the use of its federally registered CPM50 mark, with consequent damages to Plaintiff and the business and goodwill associated with and symbolized by Plaintiff's CPM50 mark and, specifically, give rise to this action under 15 U.S.C. §§ 1114 *et seq*.

23. Defendant's acts of trademark infringement have caused and are causing great and irreparable harm to Plaintiff, Plaintiff's goodwill, and Plaintiff's rights to exclusive use of Plaintiff's CPM50 mark, all in an amount which cannot adequately be determined at this time and, unless Defendant is permanently restrained, Defendant's acts will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

24. Defendant's acts of infringement have been and are being committed after notices effectuated by law, and are willful and in gross disregard of Plaintiff's rights.

25. By reason of the foregoing, Plaintiff is entitled to permanent injunctive relief against Defendant, and anyone associated therewith, to restrain further acts of infringement and, after trial or summary judgment, to recover any damages proven to have been caused by reason of Defendant's aforesaid acts of infringement, and to recover enhanced damages and attorneys fees based upon the willful, intentional, and/or grossly negligent activities of Defendant.

## COUNT III

### Federal Unfair Competition

26. Plaintiff repeats and realleges each of allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendant, by its knowing and intentional unauthorized imitation, adoption, and use of Plaintiff's CPM50 mark in association with Defendant's goods, has and continues to falsely designate its goods as being derived or affiliated with those of the Plaintiff.

28. Defendant's use of Plaintiff's CPM50 mark, as aforesaid, is likely to cause, and has caused, relevant consumers to mistakenly believe that Defendant has an affiliation with Plaintiff, that Defendant's business is sponsored or approved by Plaintiff, or that Defendant is otherwise associated with or has obtained permission from Plaintiff to use Plaintiff's CPM50 mark in connection with the sale of goods by Defendant.

29. By engaging in the unauthorized activities described above, Defendant has made, and continues to make, false, deceptive, and misleading statements constituting false representations made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Furthermore, in view of Defendant's knowledge of Plaintiff's CPM50 mark, such activities were, and remain, willful and intentional.

30. Defendant's willful and intentional acts of unfair competition and false designation of origin have caused and are causing great and irreparable injury and damage to Plaintiff's business and its goodwill and reputation in an amount that cannot be ascertained at this time and, unless permanently restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

31. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of unfair competition, false advertising, and false designation of origin and, after trial, to recover any damages proven to have been caused by reason of Defendant's aforesaid acts, and to recover enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts.

## RELIEF REQUESTED

WHEREFORE, Columbia Machine asks this Court to enter judgment against Defendant and against Defendant's subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. A judgment or order declaring that Defendant has infringed the '610, '405, and '510 Patents;

B. A determination that Defendant's infringement of the '610, '405, and '510 Patents has been and is willful;

C. A judgment or order declaring that Defendant has infringed the CPM50 mark;

D. A determination that Defendant's infringement of the CPM50 mark has been and is willful;

E. Issuance of a preliminary and a permanent injunction enjoining Defendant, its agents, officers, assigns, and all others acting in concert with it from:

(1) infringing the '610, '405, and '510 Patents;

(2) imitating, copying, using, reproducing, registering, attempting to register and/or displaying the mark CPM50, or any mark or designation which colorably imitates or is confusingly similar to this mark, alone or in combination with any other term(s), word(s), name(s), logo(s), symbol(s), device(s), designation(s) and/or design(s) in any manner whatsoever; and

(3) using any other false description or representation or any other thing calculated or likely to cause confusion, deception or mistake in the marketplace with regard to Plaintiff's CPM50 mark;

F. An order directing that Defendant deliver up for destruction all materials and matter in its possession or custody or under its control that infringe or unfairly compete with Plaintiff's CPM50 mark, including, without limitation, all drawings depicting its mold assemblies;

G. An order directing that Defendant file with the Court and serve upon counsel for Plaintiff within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H. A judgment, order, or award of damages adequate to compensate Columbia Machine for Defendant's infringement of the '610, '405, and '510 Patents, based on lost sales, lost profits, price erosion, loss of market share, convoyed sales, or any other applicable theory of damages, together with prejudgment interest from the date infringement of the '610, '405, and '510 Patents commenced;

I. A determination that this case is exceptional under 35 U.S.C. § 285, and an award of treble damages pursuant to 35 U.S.C. § 284 and Plaintiff's costs and attorney fees pursuant to 35 U.S.C. § 285;

J. An order awarding to Plaintiff treble actual damages and treble damages based upon an accounting of Defendant's profits, including all statutory enhancements and other enhancements on account of the willful nature of Defendant's acts as provided in 15 U.S.C. § 1117;

K. An order awarding to Plaintiff punitive damages on account of Defendant's willful violations of law;

L. An order awarding to Plaintiff prejudgment and post judgment interest;

M. An award of Plaintiff's costs and expenses, including, without limitation, reasonable attorney's fees; and

N. Such other and further relief as this Court deems just and proper.

1 | Dated this 7th day of April, 2011.

**MARGER JOHNSON & MCCOLLOM PC**

By: */s/ Hillary Brooks*_____
Hillary Brooks, WSBA No. 31944
MARGER JOHNSON & MCCOLLOM PC
210 SW Morrison St., Ste. 400
Portland, OR 97204-3109
Telephone: 503-222-3613
Facsimile: 503-274-4622
E-mail: hillary.brooks@techlaw.com

**KARR TUTTLE CAMPBELL**

Thomas D. Adams, WSBA No. 18470
KARR TUTTLE CAMPBELL
1201 Third Ave., Ste. 2900
Seattle, WA 98101
Telephone: 206-223-1313
Facsimile: 206-682-7100
E-mail: tadams@karrtuttle.com

*Attorneys for Plaintiff*
COLUMBIA MACHINE, INC.