HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLUMBIA MACHINE, INC., a Washington corporation,

                                    Plaintiff,

            v.

BESSER COMPANY, a Michigan corporation,

                                    Defendant.

Case No. CV11-05268

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
[Dkt. #s 10 & 15]

**I. INTRODUCTION**

This patent dispute comes before the Court upon Plaintiff's Motion for Partial Summary Judgment. [Dkt. #10], and Defendant's  The parties make equipment such as molds and forming machines that shape concrete. This case and a related one, 10-cv-05667-RBL, involve many claims of infringement, but the Motion before this Court is narrowly defined. Columbia seeks a judgment that Besser literally infringes Claim 8 of the '610 Patent. Allegedly, Besser sells products identical to the Columbia alignment brackets that Claim 8 of the '610 Patent protects.

Columbia supports its Motion for Partial Summary Judgment by arguing that the language in Claim 8 exactly matches five types of "Besser Molds" sold by Defendant. Besser responds that the Motion is premature and asks for a continuance pursuant to Rule 56(d) [Dkt. #15]. The Court's ruling is set forth below.

ORDER - 1

## II. FACTS

### 1.   U.S. Patent No. 5,505,610 ("the '610 Patent")

In order to make a concrete object, such as a brick, concrete forming machines need a mold box. Mold boxes include both a "mold assembly" and a "head assembly." The mold assembly has cavities that are filled with concrete, and the head assembly has "shoes" for pushing down on the concrete in the cavities. The mold and head assemblies need to be aligned in order to produce a uniform concrete product. According to Columbia, the standard industry practice has been to mount the mold and head assemblies onto the concrete forming machine and then "jimmy" the assemblies to achieve alignment. Apparently, this jimmying takes a significant amount of time.

Columbia claims it developed "alignment brackets" that do away with jimmying. These alignment brackets are the subject of Claim 8 of the '610 Patent. The alignment brackets lock the mold assembly and head assembly into place *before* putting them on the concrete forming machine. "After the locked assemblies are mounted, the alignment brackets are removed, and the assemblies maintain their pre-aligned positions. The head and mold assemblies do not have to be jimmied, down time is reduced, and productivity is increased." (Decl. Aaseth, Dkt. #12, ¶ 5.) Allegedly, Besser sells five "complete molds" that function exactly like Columbia's alignment brackets and thus infringe on Claim 8 of the '610 Patent. (Decl. Homen Exh. A, Dkt. #11.)

### 2.   Procedural History

Columbia filed its Complaint in this case on April 7, 2011. The Complaint alleges infringement of five different patents, trademark infringement of the "CPM50" mark, and unfair competition. Columbia seeks a ruling as a matter of law that Besser literally infringes on Claim 8 of the '610 Patent. In response, Besser seeks additional time and discovery to defend this claim.

ORDER - 2

On July 1, Columbia gave Besser its 26(a) initial disclosures. Discovery is scheduled to last well into 2012.

### III. DISCUSSION

Columbia argues there is no genuine issue for trial because at least five Besser products literally infringe upon Claim 8 of the '610 patent. Besser asks for a continuance because it needs time to discover similar litigation, review file histories of the patents, determine whether equitable defenses exist, and research its product catalogues. Columbia opposes the continuance, arguing that its Motion is a narrow one, and that Besser failed to respond. Columbia argues the continuance under 56(d) should be denied because Besser can still raise equitable issues if the Motion is granted, Besser has failed to state with specificity what it expects to discover, and the information Besser seeks is within its own control.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may defer considering the motion, allow time for discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). Often, 56(d) requests are made after discovery, and in these cases the nonmovant must make (1) a timely application which (2) specifically identifies (3) relevant information, (4) where there is some basis for believing that the information sought actually exists. *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). However, when there has been no adequate initial opportunity for discovery, a strict showing of necessity and diligence that is otherwise required for a request for additional discovery under summary judgment rule does not apply. *Metropolitan Life Ins. Co. v. Bancorp Serv., LLC*, 527 F.3d 1330, 1337 (Fed. Cir. 2008).

ORDER - 3

Besser's request for a continuance under 56(d) is GRANTED because there is little to gain from deciding the Motion at this point. Columbia has made a prima facie case that the five Besser products literally infringe on Claim 8 of the '610 Patent. (Mot., Dkt. #10, at 8.) Instead of attempting to create a genuine issue for trial, Besser has asked the Court for more time to review the patent files, discover other similar litigation, determine whether equitable defenses exist, and review its own files. Deciding the Motion now, without input from Besser on the substantive claim, would be unwise because the Court would be relying entirely on Columbia's version of the facts. There is little reason to rule on a dispositive motion on incomplete facts, when discovery is ongoing and trial is a year away.

Besser asks the Court to "dismiss" the Motion with instructions to re-file 90 days after the court has issued a trial and pre-trial schedule, or, in the alternative, continue the Motion for four months. Besser has already had some time to marshal facts in order to respond to the Motion; Besser received initial disclosures on July 1, and presumably has been working to obtain the needed evidence before that time and since. Columbia's Motion is a narrow one, concerned with one claim on one patent. The Motion provides the names and pictures of five "Besser Molds" it claims literally infringe the '610 Patent.   Therefore, Besser is instead ORDERED to submit its Response to Columbia's Motion for Summary Judgment on Claim 8 of the '610 patent [Dkt. #10] no later than September 23.  Plaintiff's Reply, if any, is due September 30.  The Motion for a Continuance [Dkt. #15] is, to this extent, GRANTED. The Motion for Partial Summary Judgment [Dkt. #10] is RE-NOTED for September 30, 2011.

**IT IS SO ORDERED.** Dated this 25th day of August, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 4