**The Honorable Ronald B. Leighton**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| COLUMBIA MACHINE, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BESSER COMPANY, a Michigan corporation, and<br><br>BESSER COMPANY USA, a Michigan corporation,<br><br>　　　　　Defendants. | Case No.: 3:11-cv-05268-RBL<br><br>**JUDGMENT** |

　　　This matter came before the Court on the parties' joint submission of this Judgment under Fed. R. Civ. P. 68. On March 26, 2012, Defendant Besser Company and Defendant Besser Company USA (collectively, "the Besser Defendants") served their Joint Offer of Judgment on Plaintiff Columbia Machine, Inc. ("Columbia") in an effort to resolve this lawsuit. (Notice of Settlement, ECF No. 60, Exhibit A). On April 12, 2012, Columbia accepted the March 26, 2012 Offer of Judgment in writing. (*Id.* at Exhibit B). Under Fed. R. Civ. P. 68, the Court must enter judgment under the terms specified in the Besser Defendants' Offer of Judgment. The parties

JUDGMENT - 1

having agreed to the entry of this Judgment, and the Court being fully advised as to the reasons and justifications for such entry, **THE COURT hereby enters this Judgment and FINDS, ADJUDGES, DECLARES, CONCLUDES, and DECREES as follows**:

1. On April 7, 2011, Columbia sued Besser Company, alleging that Besser Company had made, used, sold, or offered to sell infringing CPM50 molds. The lawsuit was ultimately expanded to include Besser Company USA as a defendant and to allege infringement by the Besser Defendants making, using, selling, or offering to sell any CPM-type molds. Columbia alleged that the Besser Defendants infringed claims from five different patents (directly or indirectly), infringed Columbia's CPM 40 and CPM50 trademarks, and committed federal unfair competition under section 43(a) of the Lanham Act. (*See, e.g.*, ECF No. 52 (Second Amended Complaint).) The Besser Defendants denied those allegations, asserted multiple affirmative defenses, and advanced various counterclaims, including counterclaims for noninfringement of the asserted patent claims and trademarks, and invalidity of the asserted patent claims. (*See, e.g.*, ECF No. 56) (Answer to Second Amended Complaint).

2. As noted, Columbia asserted claims from five different patents in this case: U.S. Patent Nos. 5,505,610 (the '610 patent), 5,544,405 (the '405 patent), 5,743,510 (the '510 patent), 5,807,591 (the '591 patent), and 6,352,236 (the '236 patent) (collectively, "the patents-in-suit"). The '591 and '236 patents, along with a sixth patent (U.S. Patent No. 6,177,039), are also at issue in a still-pending, earlier-filed case styled *Columbia Machine, Inc. v. Besser Company*, Case No. 3:10-cv-05667-RBL (September 17, 2010) (Complaint filed).

3. Per the Besser Defendants' Offer of Judgment, the Court now enters judgment against the Besser Defendants jointly and severally in the total amount of $50,000, which sum represents the total monetary recovery in this case, including but not limited to all actual

JUDGMENT - 2

damages, however measured, lost profits, reasonable royalty, enhanced damages, punitive damages, consequential damages, statutory damages, costs, expenses, attorneys' fees, disgorgement of profits, pre-judgment interest, equitable trust, and any and all other monetary damages or sums of any kind allowable in law or equity, under any claim, theory, statute, rule, case law, or other law.  The Besser Defendants shall deliver a check made out to Columbia Machine, Inc. to Columbia's counsel within 14 days of entry of this Judgment. Each party shall bear its own costs and attorneys' fees. No interest, past, present, or future, shall be awarded on this Judgment amount unless the judgment for $50,000 is not timely paid, in which case the Court can revisit the issue if necessary.

4. Per the Besser Defendants' Offer of Judgment, the Besser Defendants, and all those in active concert or participation with them, are hereby permanently enjoined from making, using, selling, or offering to sell within the United States, or importing into the United States, any whole CPM-type molds so long as any of the five patents-in-suit remains unexpired, valid, and enforceable. The parties agree that the CPM 30-, CPM 40-, CPM50-, and CPM 60-type molds are subject to this injunction.

5. The injunction shall automatically end upon expiration (or determination of invalidity or unenforceability) of the last of the claims of the five patents-in-suit.

6. The permanent injunction shall not prohibit, and shall expressly permit, the Besser Defendants and other affiliated companies and subsidiaries to provide customers with replacement wear parts and other parts to existing CPM-type molds within the United States, whether those molds were sold before or after entry of the permanent injunction.

7. The Court retains ongoing jurisdiction of this action for purposes of interpreting or enforcing this Judgment, including any efforts to collect the judgment.

JUDGMENT - 3

8. No party to this Judgment may appeal the Judgment. Instead, all parties knowingly, intentionally, willingly, and explicitly waive their right to appeal this Judgment by virtue of the offer and acceptance of the Judgment under Fed. R. Civ. P. 68.

The Clerk is directed to enter this Judgment forthwith and to note that this case is now CLOSED.

**IT IS SO ORDERED**

Dated: July 23, 2012

                                        Ronald B. Leighton
                                        United States District Judge

JUDGMENT - 4